[292] WILLIAM C. DUFFIELD vs. NANCY BODINE, ADM'X OF JOHN BODINE, DECEASED — Appeal from San Augustine County.

When no exception appears, from the record, to have been taken to the refusal of the court below to grant a new trial, nor to its judgment or action in any respect whatever, and there is no bill of exceptions or statement of facts showing what was the evidence before the jury, the appellate court will presume that the verdict and judgment are correct.

The facts of this case are stated in the opinion of the court.

*Wallace* and *Duffield*, for appellant.

*Gillespie*, for appellee.

The opinion of the court was delivered by THOS. J. JENNINGS, Esq., special associate justice, Mr. Justice LIPSCOMB and Mr. Justice WHEELER not sitting.

This was a suit commenced by the appellant against the appellee, in the district court of San Augustine county, on a writing obligatory, executed by the appellee's intestate, to appellant, by which he promised to pay the latter the sum of three hundred and fifty dollars in six months, etc. The defendant in her answer,

1st. Denied in general terms all the allegations of the petition.

2d. Insisted that the considerations of the writing obligatory sued on had entirely failed; and

3d. Pleaded in effect that the plaintiff was indebted to her intestate in the sum of four hundred and forty-six dollars and twenty-five cents, and asked a judgment over against the plaintiff for that sum.

The plea in offset is accompanied by a bill of particulars of an apparently unobjectionable character, and to which no exception appears to have been taken in the district court.

[293] There was a trial and verdict in favor of the defendant for the amount claimed by her. A motion was then made on the part of the plaintiff for a new trial on the following alleged grounds:

"1st. Because the verdict of the jury was against law and evidence.

"2d. Because the jury treated as a nullity the bond on which the suit was brought.

"3d. Because the jury gave a verdict in favor of the defendant on an account barred by the statute of limitations, before it was pleaded.

"4th. Because the defendant, in her plea in reconvention, tacitly admitted the genuineness of said bond, which was overlooked by the jury and disregarded by them.

"5th. Because of misconduct in the jury after leaving the box, and before rendering their verdict.

"6th. Because of incompetency in one of the jurors to sit in the case."

This motion was overruled by the court, and a judgment rendered in accordance with the verdict. No exception appears, from the record, to have been taken to the refusal of the

court to grant a new trial, to its charge to the jury (if it gave any), nor to its judgment or action in any respect whatever; nor are we informed by bill of exceptions, statement of facts, or in any other manner, of the evidence which was before the jury. No ground of fact or law calling in question the correctness of the action, either of the jury or the judge of the district court, being presented by the record in any of the modes required by law, we are bound, as this court has often announced in similar cases, to presume that the verdict of the jury and the judgment of the court below constitute a proper response to the evidence and law of the case, and are in all respects correct. It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed.