Lipscomb, J.
The petition does not disclose the place of payment of the notes, nor is it shown by a statement of the facts. There was no motion fora new trial. The errors relied on are that interest was allowed at the rate of eig'lit per cent, when by the law of Louisiana it eonld not have been recovered at that rate. That interest is given on an open account. If the defendant in tiie court below had been dissatisfied with the verdict of the jury, he ought to have made a statement of the facts proved a part of the record; and if the evidence did not support the verdict, after a motion for a new trial had been overruled this court could have revised the question now sought to be raised. But in the absence of the evidence we have nothing before us by which the correctness of the verdict can be impeached. Wo do not know where tire notes were made payable. We do not know what was in evidence as to the application of the credits. We do not know but what the balance found on which the interest has been given is the balance on the notes. In the absence of all knowledge of these facts we are bound to presume that the evidence was sufficient to warrant the verdict of the jury. The judgment must therefore be affirmed. We are not clear but that the plaintiff in error may have believed that he could have the questions presented by him revised in this court. We do not therefore feel authorized to say that the case was brought up merely for delay, and we give no damages.
Judgment affirmed.