## · O. S. SHELDON v. R. P. BOYCE.

On appeal from a re-commitment on *habeas corpus*, in this case, the Court said, It does not appear by what proceeding, or upon what charge, or conviction for what offence, the appellant was in custody.   For aught that appears, his confinement was legal ; there is nothing to enable this Court to determine that the judgment of the District Court was not legal and proper.

On appeal from a re-commitment on *habeas corpus*, (in a criminal case, at least,) this Court will not recognize a statement of facts which is not approved by the Judge who heard the application, or authenticated in the mode prescribed by the statute where the Judge refuses to sign a bill of exceptions, although such approval be waived by the attorneys of both parties, by agreement filed in this Court.

Appeal from Harris.   Tried below before the Hon. Peter W. Gray.

## Sheldon v. Boyce.

Petition of O. S. Sheldon, for writ of *habeas corpus*, to R. P. Boyce, Marshall of the city of Houston, by whom petitioner alleged he was illegally confined in the jail of said city. Writ issued, and returned executed by bringing the body of the petitioner before his honor, Judge Gray, June 8th, 1855, together with the writ of commitment, by which he was held. Continued on application of petitioner until June 9th. June 9th the consideration of the case was resumed, present the petitioner, in person and by attorney, and the defendant by his attorneys, and after hearing the testimony and the argument of counsel, and after due consideration thereof, the cause was dismissed, and said O. S. Sheldon remanded to the custody of the Marshall. Notice of appeal, and recognizance. The commitment, although purported to be returned with the body of the petitioner, was not in the transcript.

There was a statement of facts, signed by the attorneys of both parties, without any signature or approval by the Judge, filed January 28th, 1856, as follows :—

The defendant admitted that he had retailed liquor in his bar-room in the city of Houston on Sunday, as alleged in the charge which he was summoned to answer subsequent to the passage of the city ordinance forbidding it, and although he had notice of said passage. The ordinance in question was given in evidence on the part of the city of Houston, resisting the discharge. Also all the charters and ordinances of said city affecting the subject matter were mutually given in evidence. The applicant gave in evidence an ordinance by which it is provided, that if the Recorder of the city of Houston discharge one accused of a breach of any ordinance, he, the Recorder, should not be entitled to any fees against the city ; but if he convicted any person charged, he should be entitled to certain fees as costs against the prisoner. It is agreed that the printed ordinance be read in the Supreme Court, without being extended in the statement of facts, that the Court take judicial knowledge of the same. It is further agreed that the substance of the ordinance relative to costs is above correctly stated, without the necessity of repeating it in *ipsissimis verbis* in this statement of facts.

There was an agreement of counsel filed in this Court, that no objection should be made, for want of the approval of the statement of facts by the Judge, but that it should be waived.

The assignment of error was that the Court below erred in remanding the petitioner to custody.

Sheldon v. Boyce.

Copies of the charter and ordinances of the city of Houston were filed in this Court.

*A. P. Thompson*, for appellant, argued that the corporation of the city of Houston, had no authority, under its charter and the Constitution and laws of the State, to impose a penalty on the sale of liquor on Sunday; and that the city Recorder had no power, under said charter, Constitution and laws, to commit the offender, on refusal to pay the penalty; but that the city was remitted to a civil action to recover it.

*Palmer & Jordan*, for appellee, argued in support of the authority exercised by the city officers.

WHEELER, J.   The questions discussed so much at length at the bar by counsel, are not raised by the record, and consequently are not before the Court for decision.   It does not appear by what proceeding, or upon what charge, or upon conviction for what offence, the appellant was in custody.   For aught that appears, his confinement was legal; there is nothing to enable this Court to determine that the judgment of the District Court was not legal and proper.

It is scarcely necessary to say, that the agreed statement of the case, by counsel, not approved by the Judge, and made up months after the trial, is not such a statement of facts as this Court can recognize, if indeed the statement embodied the facts assumed in argument, which it does not.   The judgment is affirmed.

Judgment affirmed.