Carson's Adm'rs v. Russell and Schott.

---

D. B. CARSON'S ADM'RS V. RUSSELL AND SCHOTT.

By the Law Merchant, the holder is not bound to present a bill for acceptance; yet, if he does so, upon its dishonor by the refusal of the drawee to accept, he is bound to have recourse to protest and notice to fix the liability of the drawer; but, by the statute, (O. & W. Dig., art. 96,) the refusal of the drawee to accept has the effect of fixing the liability of the drawer immediately, without the necessity of protest and notice or suit. The case of Thatcher v. Mills (14 Tex. R., 13) referred to as authority for the construction of this statute.

The waiver of acceptance by the drawer of a bill of exchange, payable at a certain period after its date, has the effect of putting the drawer in the same situation as if the bill had been presented and acceptance refused.

In a suit on a bill of exchange, payable at a certain period after its date, by the payee against the drawer, a copy of the bill, with the words "acceptance waived" written across the face, was made a part of the petition, and it was averred that the drawer had waived the acceptance of the bill; in the argument on appeal, it was insisted that the words "acceptance waived" were no part of the petition : Held, that the objection comes too late, it should have been made when the bill was produced in evidence in the court below.

See the pleadings in this case for the character of averments in a petition in which the court held that, though the averments were insufficient to charge the defendant with certain acts, if excepted to, yet, as there was no exception to the petition on those grounds, no motion in arrest of judgment, nor assignment of error ; and as it was matter susceptible of being cured by amendment, it was not an error of which this court will take notice of its own motion as a ground of reversing the judgment.

ERROR from Washington. Tried below before the Hon. R. E. B. Baylor.

This suit was instituted August 8th, 1855, by George P. Russell and Wm. Schott, the defendants in error, against the plaintiffs in

error, John Q. Wallis and Barbara Carson, administrator and administratrix of the estate of D. B. Carson, deceased, on the following bill of exchange:

"Draft $690 13.    ·    Philadelphia, Feb. 8th, 1854.

"Ninety days after date, pay to the order of Russell & Schott six hundred and ninety dollars and thirteen cents, and charge the same to account of                    D. B. CARSON.

"To Messrs. Odenheim & Cook, Philadelphia."

Across the face of this bill, the words "acceptance waived" were written.

The petition of plaintiffs was as follows:

"The petition of George P. Russell and Wm. Schott, residents of Philadelphia, State of Pennsylvania, merchants and partners in trade, respectfully represent unto your honor, that they complain of John Q. Wallis and Barbara Carson, administrator and administratrix of the estate of D. B. Carson, deceased, residents of said county of Washington, for this, that heretofore, to wit, about the 10th day of July, 1855, they being the owners and holders of a valid claim against the estate of said Carson, duly authenticated and proven as the law requires, (which claim is hereto annexed, together with the affidavit and certificate of the officer before whom the same was made, and prayed to be taken as a part of this petition,) presented the same to the defendants, administrators as aforesaid, for acceptance and allowance; that said defendants kept said claim in their hands for some time, and returned it to the agent of petitioners, refusing to accept the same, or reject it by their own written endorsement upon said claim, whereby a right of action hath accrued to your petitioners; wherefore they bring suit, and pray that the defendants be cited to appear at the next term of your honor's court," &c.

The bill of exchange, with the words "acceptance waived" written across the face, together with the affidavit of one of the plaintiffs, and the certificate of the officer before whom it was sworn to, was filed with and made a part of the petition.

The defendants filed a general demurrer, and pleaded that D. B. Carson, at his death, had a large amount of cotton in Philadelphia and State of Pennsylvania; that letters of administration

were taken in said State, which were ancillary to the administration in Texas; that said claim was duly allowed by the administrator in Pennsylvania; that he paid a large amount. of said debt—has. sufficient assets in his hands to pay off the balance; that plaintiffs, having elected to pursue their remedy against the administrator in Pennsylvania, have no right to have their claim presented and allowed by the administrator in Texas.

The defendants further pleaded, that the suit was founded upon a bill of exchange, drawn by D. B. Carson upon Odenheim & Cook, Philadelphia, who, at the time, had effects in their hands. amply sufficient to pay said bill; that the said plaintiffs have not presented the said bill for acceptance thereof, nor had it protested for non-acceptance; that said bill was never presented to said Odenheim & Cook for payment, nor protested for non-payment, nor notice of non-acceptance or non-payment given to D. B. Carson in his lifetime, nor to his representatives since his death; nor have the plaintiffs brought suit at the first term of the court after the failure to accept, or after the failure to pay; nor at the second term thereafter; nor shown good cause why they did not bring it to the first term.

The plaintiffs, by amendment, excepted to the answer of defendants, and pleaded further, "that the draft sued on was an accommodation draft; and that the said D. B. Carson waived the presentation and acceptance of the same; and that, from the face of said draft, it appears that the said D. B. Carson was the only person liable upon the same."

The following instructions were asked by the defendants and refused by the court:

"1. Unless the plaintiffs have shown by proof, that the draft sued on was presented for payment and protest, and notice given, or that the drawer, Carson, had no funds in the hands of the drawee, they cannot recover.

"2. Unless the bill was presented for payment, and the same was protested, and notice given to the drawer of such non-payment, or unless the plaintiffs have shown that the drawer, Carson, had no funds in the hands of the drawee, Odenheim & Cook, they cannot recover.

Carson's Adm'rs v. Russell and Schott.

" 3. Waiver of acceptance is not waiver of presentment.

" 4. The plaintiffs not having alleged that this contract was one between merchants, and not having sued to the first term of the court after the same fell due, they cannot recover in this action; and the jury will find for the defendants."

The plaintiff read in evidence the bill of exchange sued on, together with the certificate of the officer before whom it was authenticated. It was admitted by the defendants that the bill was presented to the administrator of D. B. Carson, as alleged in the petition, and that he refused to allow the same. It was admitted that the rate of interest in Pennsylvania was six per cent. No other evidence introduced.

Verdict and judgment for plaintiffs.

The defendants moved for a new trial upon the following grounds:

1. Because the judge erred in permitting the bill of exchange sued on to be read as evidence.

2. Because the judge refused to give the charge asked by the defendants, and in granting those asked by plaintiffs.

3. Because the verdict of the jury was contrary to the law and the evidence.

The defendants assigned the following errors:

1. The court erred in overruling defendants' exceptions to plaintiffs' petition.

2. The court erred in permitting the plaintiffs to read in evidence to the jury the bill of exchange, upon which the suit was brought.

3. In refusing to give the charges asked by defendants.

*Lewis & Davis*, for plaintiffs in error.

*J. D. & D. C. Giddings*, for defendants in error.

WHEELER, C. J.   The bill being payable at a certain period after date, it was not necessary to present it for acceptance. It was the right of the holder to do so, and thus, in case of acceptance, obtain the additional security of the acceptor, or, in case of refusal, fix the liability of the drawer immediately. If he did not choose to exercise his right of presenting the bill for accept-

ance, he was bound to present it for payment when due. But if, upon presentment for acceptance, the bill was dishonored by the refusal of the drawee to accept, no presentment or demand for payment was necessary. (Story on Bills, §§ 366, 321.)

By the law merchant, though the holder was not bound to present the bill for acceptance, yet, if he did so, upon its dishonor by the refusal of the drawee to accept, he was bound to have recourse to protest and notice to fix the liability of the drawer. But, by statute, (O. & W. Dig., art. 96,) it is provided that "the drawer of any bill of exchange which shall not be accepted when presented for acceptance, shall be immediately liable for the payment thereof; and the holder of such bill may secure and fix the liability of any indorser thereof, by instituting suit against such drawer, within the time and in the manner prescribed by the first and second sections of this act." And according to the construction placed upon the statute in Thatcher v. Mills, (14 Tex. R., 13,) the refusal of the drawee to accept had the effect to fix the liability of the drawer immediately, without the necessity of protest and notice, or suit.

Such being the consequence of the refusal of the drawee to accept, what was the effect of the waiver of acceptance by the drawer? In Scott v. Greer, (10 Penn. R., 103,) it was held, that the waiver of protest by an indorser puts him in the same situation as if the protest had been made and proved. And in Day v. Ridgway & Budd, (17 Penn., 303,) it was held, that waiver of notice of protest puts the indorser in the same situation as if the protest had been made and notice of it duly given to him; and where there is no contradictory evidence as to the waiver, it is proof of demand and refusal.

On the principle of these decisions, does not the waiver of acceptance by the drawer put him in the same situation as if the bill had been presented to the drawee and not accepted by him? If this was not the intention, why waive acceptance? It was not necessary without the waiver to present the bill for acceptance.

It is suggested that it might have become the duty of the holder, on being required by the drawer, to present the bill for acceptance, and that it was intended by the drawer to waive that right. This

seems scarcely probable.   The drawees and payees appear to have resided in Philadelphia, and the drawer in Texas; and it seems scarcely probable that the parties would have thought it necessary to provide against the possible contingency that the drawer in Texas should require the payees in Philadelphia to present the bill for acceptance there before its maturity, or that the latter would have sought to provide against a possible event which would subject them, if the requisition were made, to so little inconvenience. It seems more reasonable to conclude that the waiver was intended to confer a substantial benefit on the payees; and that it was intended to place the drawer in the same situation as if the bill had been presented and acceptance refused by the drawees, and thus fix the liability of the drawer immediately.

It is objected, that the "acceptance waived" is no part of the bill, and that there is no evidence that it was the act of the drawer. It was written across the face of the bill, which was made a part of the petition; and it was averred by the plaintiffs that the drawer waived the acceptance of the bill.   The objection comes too late. It ought to have been made when the bill was produced in evidence upon the trial.

It is true, the petition does not contain sufficient averments to charge the defendant, either as the drawer of the bill, or as having written the waiver of acceptance, if the petition had been excepted to on these grounds.   But the insufficiency of the petition was not taken advantage of by a demurrer, or exceptions relied on, or by motion in arrest of judgment; nor has it been assigned as error. And as it is matter susceptible of being cured by amendment, it is not an error of which the court will take notice, of its own motion, as a ground for reversing the judgment.   The "acceptance waived" having been written across the face of the bill, and made a part of the petition, and no objection having been taken to its production in evidence, is, we think, now to be deemed a part of the bill in evidence before the jury.   We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.