## C. B. SHEPARD v. C. H. TAYLOR.

1. A note payable in Confederate money is illegal and void, whether the fact appears on the face of the note or by any legitimate proof.

2. The court below charged the jury that, "though a surety on an illegal and void note cannot be forced to the performance of the stipulations of the note, yet he may be held responsible for all liabilities which his principal has incurred in regard to the consideration or subject matter for which the note was given." This is held to be error. A surety is chargeable only by the terms of his written contract, and when his written contract is void, it constitutes no cause of action against him.

3. This suit being against a surety on a note payable in Confederate money, the judgment below for the plaintiff is reversed and the cause dismissed by this court.

Opinion of the court.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The opinion of the court sufficiently states the facts of the case.

*J. E. & Seth Shepard*, for appellant.

*J. D. & D. C. Giddings*, for appellee.

OGDEN, J.—The appellee brought this suit in the District Court of Washington county, against Adrian Testard and C. B. Shepard, upon a certain promissory note, executed in the latter part of the year 1862, for $800. The defendant Testard plead his discharge in bankruptcy, and the cause was dismissed as to him. The appellant Shepard, in his answer, set up the fact that he had signed the note sued on, as security for Testard, and also that the note, by the understanding and agreement of all the parties thereto, was to be paid in what was known as Confederate money, and that therefore it was illegal and void, and he was not liable on the same. The plaintiff below amended, and alleged that the note was given for the purchase money of a certain lot of horses, and prayed judgment for the value of the same. The cause was submitted to a jury, and they found a verdict against the appellant for the value of the horses, and he has appealed to this court. On the trial the appellant proved that he signed the note as security for Testard, and that the note, by agreement, was to be paid in Confederate money.

There is a fatal error in the second or last charge of the court to the jury, which will require a reversal of the judgment. That a note payable in Confederate money, whether that fact appears on the face of the note, or by any legitimate proof, is illegal and void, has been too often decided by this court to require further

notice here. The error in the charge of the court, therefore, is the enunciation as law that, though a security on an illegal and void note cannot be forced to the performance of the stipulations in the note, yet he may be held responsible for all liabilities which his principal had incurred in regard to the consideration or subject matter for which the note was given. In other words, the court virtually instructed the jury that, though the appellant was not liable on the note which he had signed as security for Testard, yet he was liable for Testard's private undertakings and promises, which were not in the note, and of which the appellant may have known nothing. The appellant may have been entirely ignorant that Testard had ever purchased horses of appellee, until he was so informed in the progress of this suit. Most certainly appellant cannot be held responsible for the debt or default of Testard, or any one else, unless he promised in writing to become so ; and then he must be held, if at all, according to that written promise. Appellant was security on the note alone, and it was totally immaterial whether the same was given for the purchase of horses or lands, and so far as appellant's liability was concerned, it was error in the court to allow any testimony to go to the jury in relation to the purchase of horses. But the court should have instructed the jury, that if they found that the defendant Shepard signed the note sued on as the surety for Testard, and that the note, by the agreement and understanding of the parties, was to be paid in Confederate money, then they should find for the defendant.

There was direct and positive evidence, unimpeached and uncontradicted, that the understanding between all parties interested at the time of the execution of the note was, that it was to be paid in Confederate money ;

and the court might very properly have charged the jury that they *must* find for the defendant; and under the circumstances and facts of this case, we deem it unnecessary to send the cause back for a new trial. The judgment is therefore reversed and the cause dismissed.

REVERSED AND DISMISSED.