### JOHN F. MATHEWS V. A. C. RUCKER.

CONFEDERATE MONEY—HOW FAR CONTRACTS TO PAY IN, MAY BE ENFORCED.—A note payable in Confederate money, executed between private parties in the usual course of business, is an obligation which will be enforced to the extent of the value of Confederate notes at the time of the contract.*

APPEAL from Henderson.    Tried below before the Hon. J. B. Williamson.

*N. G. Bagley*, for appellant.

*Martin Casey*, for appellee.

REEVES, ASSOCIATE JUSTICE.—Appellant asks for a reversal of the judgment in this case on the following ground: " The court erred in sustaining the defendant's exceptions

---

* Overruling Shepard *v.* Taylor, 35 Tex.; Scott *v.* Atchison, 36 Tex.; McGar *v.* Nixon, 36 Tex.; Clements *v.* Lacey, 36 Tex.; Grant *v.* Ryan, 37 Tex.; Lane *v.* Thomas, 37 Tex.; Kyle *v.* House, 38 Tex.; Vance *v.* Burtis, 39 Tex.; Ditmar *v.* Myers, 39 Tex.; and Sutton *v.* Sutton, 39 Tex.

or demurrer to the plaintiff's petition and amended petition." The suit was on a promissory note for $280.22, dated 27th February, 1862, and due one day from date. The defendant, by a special answer, set up that the words "dollars and cents" in the note, meant dollars and cents in the notes and money of the Confederate States, and was to be paid in that currency by agreement of the parties. The plaintiff, by an amended petition, alleged that Confederate notes or money, at the date and maturity of the promissory note sued on, was worth dollar for dollar in the currency of the United States. In that state of the pleadings, the court sustained the exception to the amended petition, and the parties proceeded to trial before a jury on the allegations of the original petition and answers. Under the charge of the court, the jury returned a verdict for the defendant. The court charged the jury : " If the note was given for drugs purchased, and if it was agreed by the parties that the drugs were to be paid for in Confederate money, then you are instructed that said note is held in this State to be given for an illegal consideration, and cannot be collected ; otherwise to find on the note." The only error assigned is that the court erred in sustaining defendant's exceptions. Our predecessors have decided that "a note payable in Confederate money is illegal and void, whether the fact appears on the face of the note or by any legitimate proof." (Shepard *v.* Taylor, 35 Tex., 774.) And this is in accordance with their previous decisions on such questions. The instructions to the jury respond to the rule declared in these cases, when the court informs the jury that the note is held in this State to be given for an illegal consideration, and cannot be collected, &c. A different rule obtains in the courts of the United States, as enunciated in the case of Thorington *v.* Smith, 8 Wall., 1, the opinion being delivered by Chief Justice Chase. The court said : " The questions before us upon this appeal are these :

" 1. Can a contract for the payment of Confederate notes made during the late rebellion between parties residing within the so-called Confederate States be enforced at all in the courts of the United States ?

"2. Can evidence be received to prove that a promise expressed to be for the payment of dollars was in fact made for the payment of any other than lawful dollars of the United States?

"3. Does the evidence in the record establish the fact that the note for ten thousand dollars was to be paid by agreement of the parties in Confederate notes?"

These questions received from the court affirmative answers.

It does not appear from the charge of the court in the case before us that the Confederate Government was in any way interested in the purchase of the drugs. In the view of the District Court it was not necessary that the Government should have been connected with the purchase. If the note was given for Confederate money, though it may have been a transaction between private parties in the usual course of business, and for an innocent purpose, still the collection of the note could not be enforced by suit in the courts of this State. No good reason is seen why the courts of this State should be closed against a party for a cause which is adjudged to be insufficient by the distinguished tribunal from whose opinion we have quoted, to exclude such party from the courts of the United States. On both reason and authority appellant is entitled to recover to the extent of the value of Confederate notes, and following the decision, this value must be at the time of the contract, with the stipulated interest.

The judgment of the District Court is reversed and cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.