## J. B. JOHNSON v. E. A. BLOUNT.

1. STATEMENT OF FACTS—WAIVER—EVIDENCE—VERDICT—PRACTICE.—In the record of a cause pending on error, and attached to what purported to be a statement of facts, was the following agreement, signed by the counsel for plaintiff and defendant, viz.: "It is hereby agreed that this statement of facts in this case may be filed as a part of the record in this case, and may be so treated and considered by the Supreme Court, without the approval of the presiding judge who tried the cause": *Held*—

That such an agreement cannot supersede the necessity of the approval of the presiding judge, so as to entitle the agreed statement to be regarded and treated as would a statement of facts, made out and certified to in accordance with the statute. (Paschal's Dig., 1490.)

2. CONFEDERATE MONEY—EVIDENCE—PRACTICE—VERDICT—JUDI-
   CIAL KNOWLEDGE.—The plaintiff below brought suit February,
   1871, upon a note for two thousand dollars, executed March, 1863,
   and due twelve months after date. The defendant pleaded that the
   note was given for a slave, and that it was intended by the parties
   to be paid in Confederate currency, "which, at the time of giving
   the note, was of but little value," and which, at the maturity of the
   note, was worth "five dollars in specie for one hundred dollars in
   Confederate currency." To this plea there was a general exception,
   not ruled on by the court. On the trial, the plaintiff excepted to
   evidence offered to show the value of Confederate paper when the
   note matured, which was overruled. The jury were instructed to
   return a verdict, if they found the note was payable in Confederate
   money, for its value at maturity. They found, by their verdict, for
   plaintiff, and that the note was "contracted to be paid in Confede-
   rate money," which was worth "twenty for one at the time of the
   maturity of the note": *Held*—

   1. It was competent for the defendant to plead and prove that
   the amount specified in the note was contracted to be paid in Con-
   federate currency, so as to show the true meaning of the word
   "dollars," as used in the note.

   2. The charge of the court, though not as specific as the special
   plea, or the verdict of the jury, cannot be objected to as too indefi-
   nite ; the wording of the verdict, which found that the note "was
   contracted to be paid in Confederate money," shows that the jury
   was not misled by the generality of the charge, to defendant's
   injury.

   3. In the absence of a statement of facts, it must be presumed
   the evidence was sufficient to authorize the jury to find the truth
   of the allegations as they did.

   4. The objection that the jury did not estimate the value of
   Confederate money at the date of the execution of the note, can-
   not be heard, when raised for the first time in the case, in the
   Supreme Court, since it does not go to the foundation of the
   action.

   5. The time at which the value of the Confederate currency
   should have been estimated was the date of the execution of the
   note. The defendant's plea presented a good defense to part of
   the amount sued for, although it mentioned a wrong date at which
   it was proper to estimate the value of Confederate money ; but
   the plaintiff acquiesced in this as a question of pleading, by not
   insisting upon his exception, or alleging or offering to prove its
   value at a different date ; and the error is not one for which a re-
   versal can be claimed, since there is nothing in the record to show
   that the plaintiff was prejudiced by the estimated value, and the

court will not judicially know the value of Confederate paper at any specified time.

6. An error, to be material, so as to require the reversal of a judgment, must be one that has not been waived, and that is prejudicial to the party complaining.

ERROR from San Augustine. Tried below before the Hon. George Lane.

*Rufus Price,* for plaintiff in error, cited Thorington *v.* Smith, 8 Wall., 1; Mathews *v.* Rucker, 41 Tex., 636; Becht *v.* Martin, 37 Tex., 730; Hamilton *v.* Pleasants, 31 Tex., 638; 8 Tex., 135, 136; Roberts *v.* Short, 1 Tex., 373; Chambers *v.* Bonner, 33 Tex., 511; Diltz *v.* Sadler, 37 Tex., 137.

[No briefs for defendant in error have reached reporters.]

ROBERTS, CHIEF JUSTICE.—There is in the transcript of the record that which purports to be a statement of facts, signed by counsel of both parties, though not approved by the presiding judge.    There is subscribed to said statement an agreement, as follows:

"It is hereby agreed that this statement of facts in this case may be filed as a part of the record in this case, and may be so treated and considered by the Supreme Court, without the approval of the presiding judge who tried the case.          (Signed)    RUFUS PRICE, *for Pl'ff,*
WM. W. WALLACE, *for Def't.*"

Such an agreement cannot supersede the necessity of the approval of the presiding judge, so as to entitle the agreed statement to be treated and considered by this court as a statement of facts in this case, as required by the statute.

The statute prescribes, that "if the parties or their attorneys agree as to the facts given in evidence, they shall sign and seal the same, and submit it to the judge for approval and signature, who shall also sign it, and the statement so made shall be filed as a part of the record of the cause." (Paschal's Dig., art. 1490.)

This agreed statement was filed in the District Court nearly two years after the trial and judgment in the case.

That such an agreed statement, so filed, will not be considered as a part of the record in deciding the case, was determined by this court in the case of Sheldon *v.* Boyce, in which there was just such an agreed statement, and an agreement for a waiver of the approval of the judge, filed after the term of the court in which the case was tried, as in this case. (Sheldon *v.* Boyce, 20 Tex., 828.)

It has been uniformly held, by this court, that the signature of the presiding judge, in such way as to indicate his approval of the statement of facts, was absolutely necessary. (Walker *v.* McNeils, Dallam, 541; Tardiff *v.* The State, 23 Tex., 170; Witten *v.* Poindexter, 25 Tex. Supp., 378; Johnson *v.* The State, 29 Tex., 492; Frost *v.* Frost, 45 Tex., 338–339; Keef *v.* The State, 44 Tex., 582.)

Many other cases might be referred to, more or less applicable to the point in question, all in harmony with those cited. The cases have been cited, not because there has ever been any doubt or difference of opinion in this court upon the question, but to prevent, if possible, its recurrence, to the injury of the parties in future.

It may be announced, as a general rule, that, in the absence of a statement of facts in the record, this court will presume that the evidence adduced on the trial was sufficient to sustain the verdict of the jury. (Duffield *v.* Bodine, 2 Tex., 292.) It is unnecessary to cite further authority for decision so often repeated and acted on in this court.

This leaves for consideration the charge of the court, the exceptions to the evidence admitted by the court and offered by the defendant below, and the verdict of the jury, as being contrary to law, which are assigned as errors by the plaintiff in error.

The plaintiff below brought suit 26th January, 1871, upon a note for $2,000, executed by the defendant 3d March, 1863, due twelve months after its date.

The defendant filed a general denial and special plea, to the effect that said note was given for a slave named Bob, at an administrator's sale; that said slave was sold for Confederate paper or currency, and that it was intended by the parties to be paid in such paper or currency, which, at the time of giving the note, was of little value, and on the 3d of March, 1864, when the note became due, it was worth "about $5 in specie to $100 of Confederate currency or paper."

To this plea there was a general exception, not ruled on by the court. The plaintiff below excepted to the evidence offered by the defendant to prove that the note was executed to be paid in Confederate currency, and to prove its value in specie on the 3d of March, 1864, at the time of the maturity of the note, upon the ground that "parol testimony could not be introduced to vary, alter, or change a written contract"; which exception was overruled, and the evidence was admitted.

In the charge of the court on this special plea, the jury were instructed, that if they find that, by the intention of the parties, said note was payable in Confederate money, they must find for plaintiff the value of said money, as proved at the maturity of the note, with interest at eight per cent.

There was no additional instruction asked or given upon this issue.

The verdict of the jury is as follows:

"We, the jury, find for plaintiff the debt contracted in Confederate money, rating twenty for one, at the time of maturity of note, with eight per cent. interest from date of maturity." Upon this verdict, a judgment was rendered for $100, with eight per cent. per annum interest from the date of the maturity of the note, 3d of March, 1864, together with costs of suit.

This verdict of the jury was a finding for the plaintiff on the note as to its validity as a debt due from defendant to the plaintiff. To that, of course, the plaintiff does not object.

It was a finding for defendant, in accordance, substantially, with his special plea, that the debt was contracted to be paid in Confederate currency.

It was competent for the defendant to plead and prove that the amount of the note was contracted to be paid in Confederate paper or currency, so as to show the true meaning of the word "dollars," as it was used by the parties in the execution of the note, and by them intended to have effect as an obligation. (Mathews v. Rucker, 41 Tex., 636; Thorington v. Smith, 8 Wall., 1.)

The charge of the court conveyed the general idea correctly, without being as specific as the allegation in the special plea imported, or as specific as the response of the jury, which shows that they understood that they must be satisfied, from the evidence, that the parties had contracted, in making the note, that the debt was to be paid in Confederate currency.

If the defendant had apprehended that the charge upon that point was too indefinite, by which the jury would not fully understand what was exactly their duty in coming to a conclusion upon it, the defendant should have asked a charge to be given by the court more fully and definitely in accordance with the allegations in the special plea, the exceptions to which had been waived by not being insisted on by the plaintiff. But the wording in the verdict, that the note was "contracted to be paid in Confederate money," shows that the jury was not misled by the generality of the charge of the court on that point, to the injury of the defendant.

In passing upon the charge upon this point, we can only look to the allegations of the special plea, and that part of the verdict in response to them, because there is no statement of facts; and, for the same reason, we must presume that the evidence was sufficient to authorize the jury to find the truth of said allegations as they did. (Bast v. Alford, 22 Tex., 399.) Again, the verdict of the jury finds for the plaintiff an amount equal to the value of Confederate money

at the maturity of the note, which was twelve months after the date of its execution.

It is now contended, that if the note was contracted to be paid in Confederate money, and the jury so found, they should have estimated its value at the date of the execu-" tion of the note, and that, therefore, the verdict, in that particular, is not according to law, and that the court erred in admitting the evidence excepted to for the purpose of proving its value at the time of the maturity of the note. This question was not raised or presented by the defendant in the court below, either in exceptions to the answer, or to the evidence, or to the charge, or on the motion for a new trial.

To be raised for the first time in this court, it must go to the foundation of the defense. It has often been held, that a verdict cannot be sustained, when founded upon an answer that presents no defense to the action which has been sustained by the evidence. (Borden *et. al. v.* Houston, 2 Tex., 614, 615; Lucketts *v.* Townsend, 3 Tex., 133; Patterson *v.* Goodrich, 3 Tex., 331; Ford *v.* Taggart, 4 Tex., 492.)

That, however, cannot be said of the defense in this case, when the special plea upon which the verdict is founded is properly considered.

When the plaintiff brought this suit, in 1871, upon the note set out in the petition, and prayed for a judgment for the two thousand dollars therein specified, with interest, there was a necessary implication in what was set out in that petition, tantamount, in effect, to a direct and express allegation on the part of the plaintiff, that the two thousand dollars promised in the note and demanded by the suit were two thousand dollars in the legal-tender currency of the State of Texas at the time the suit was brought.

The defendant, in effect, denied that allegation by the affirmative allegation in the special plea, that the slave was sold for Confederate paper or currency, and that the note was executed to secure the payment of it in such currency as intended by the parties to it.

The further allegation in said plea, that said money was worth five dollars in specie for one hundred in Confederate currency at the maturity of the note, was an admission of an obligation, by virtue of said note, to pay, according to such valuation at said time, the amount due in the legal-tender currency of the country. It has been held, that the time at which its value should be estimated is the date of the execution of the note. (Mathews *v.* Rucker, 41 Tex., 636.) The leading object of that allegation was to put in issue the fact that Confederate money was worth less than the money plaintiff was suing for, in the proportion of twenty to one.

The plea, then, presented a good defense to part of the amount for which a recovery was sought, although it may have mentioned a wrong date at which it was proper to estimate the value of Confederate money, as a means of ascertaining the amount in good money that the promise in the note was worth. (Hodges *v.* Longcope, 23 Tex., 155; Carson *v.* Russell, 26 Tex., 457.) The plaintiff acquiesced in this, as a question of pleading, by not insisting upon his exception, or alleging its value at a different time. He acquiesced in it, also, by not offering evidence to prove a greater value at a different time. His exception to the evidence offered to prove the value had no reference to the time at which it was offered to be proved, and the evidence offered was in accordance with the only allegation in the pleadings on that subject. (Hagerty *v.* Scott, 10 Tex., 533; McCarty *v.* Wood, 42 Tex., 39.) He was, therefore, in no situation to object to the charge of the court, directing the jury to find its value at that time, the value not being alleged or proved at any other date.

There is nothing in the record to show that the plaintiff has been prejudiced by the value of Confederate money being estimated at that time by the jury in accordance with the pleadings and charge of the court; for this court cannot judicially take notice that it was worth more at the execution than at the maturity of the note.

An error, to be material, so as to require a reversal of a

judgment, must be one that has not been waived, and that is prejudicial to the party complaining of it. We find none such in this case. (Davis *v.* Calhoun, 41 Tex., 554.)

AFFIRMED.