## THOMAS McMANUS v. MARY SCOTT.

CONFEDERATE MONEY.—A loan of Confederate money constituted a sufficient consideration to support a promise to pay money.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

*Leslie Thompson*, for appellant.

*Robert G. Street*, for appellee.

ROBERTS, CHIEF JUSTICE.—The court charged the jury, that "if the consideration passing from Pritchard to Scott for the execution and delivery of the note and deed of trust in question in this suit, was the loan of Confederate treasury notes, and that said promissory note was given for said Confederate money alone, you will find for plaintiff. If you find otherwise, you will return a general verdict for defendant."

Though this charge was in accordance with the decisions of the Supreme Court of this State at the time it was given, the rule has since been changed, so as to conform to the decisions of the Supreme Court of the United States in regard to transactions in Confederate treasury notes. (Mathews *v*. Rucker, 41 Tex., 636; Short *v*. Abernathy, 42 Tex., 94; Thorington *v*. Smith, 8 Wall., 1.)

That charge being the one upon which the jury must have

found a verdict for the plaintiff, must be held to be erroneous, and on that account the judgment will be reversed.

That the note was given for the loan of Confederate treasury notes, amounting to $1,000, seems to be established beyond controversy, and it is admitted in the statement of facts that the $400 tendered into court by the plaintiff below and received by the defendant was the value of the $1,000 Confederate money at the date of the transaction, with interest. Whether defendant McManus had notice that the note was given for Confederate treasury notes, and the effect of and necessity of said notice, are questions upon which the parties are not agreed, and there is nothing in the record that would enable this court to determine that they had been settled in favor of the appellee and plaintiff below, by the verdict in his favor, under an erroneous charge.

Judgment reversed and the cause remanded.

REVERSED AND REMANDED.