The opinion of the court was delivered by
White, J.
The defendants are sued as indorsers of two promissory notes, one for two thousand and the other for two thousand five hundred dollars, both dated Memphis, Tenn., April 15th, 1873, and payable respectively on the 12th and 15th January following their date. The firm of Nelson, Lanphier & Co. filed no answer, and judgment by defaultwas rendered and confirmed against it. R. H. Short defends, on the ground of want of due demand. There was judgment against him in the lower court, and he appeals. The notes contain the following agreement or consent written on them : “ On this note we hereby waive the necessity of either protest or notice. (Signed.) Nelson, Lanphier & Co., R. H. Short.” The position of defendant is, that a waiver of protest is not a waiver of demand, and that no demand having been made he is discharged. The fact as to no demand is conceded, and therefore the question to be determined is solely one of law, that is, does a waiver of protest waive demand? We can see no reason why it should not. The protest neoessarily includes a due demand; and if such be the case the waiver of protest of necessity waived that which was an integral or essential part of the protest. It being true to say that the demand is *435 contained in the protest, it must be equally true to conclude that the waiver of protest waives the demand which is included in it. This conclusion is abundantly supported by authority. The rule is thus stated by Daniels : “ So, ‘ waiving demand and notice,’ or ‘I waive protest and notice,’ * * * * though somewhat variant in expression have the same significance, a waiver of all steps usually taken to bind the indorser. * * * The words ‘I waive protest,’or‘waiving protest,’or any similar phrase importing that the protest is waived, are, when applied to a foreign bill, universally regarded as expressly waiving presentment and notice. * * In waiving protest the party is considered as not only dispensing with a formality, but as dispensing with the necessity of the steps which must precede it, and of which it is merely the formal though necessary proof which the law requires.” In speaking of inland bills, he adds : “Inland bills and promissory notes may be protested by statutory enactment in many States, and the protest is accorded the same effect as to them when it is made, though it is not necessary to make it. And the weight as well as the number of authorities predominate in favor of construing a waiver of protest to signify as much when applied to inland bills and notes as when used in respect to a foreign bill. And such seems to us clearly the correct conclusion.” Daniel on Negotiable Instruments, vol. ii. pp. 124,125 ; Parsons on Bills and Notes, pp. 576, 577, 578. These views of the text-writers are the expression of the law as applied in many adjudicated cases.
Porter vs. Kemball, 53 Barb. 646.
Fisher vs. Price, 37 Ala. 407.
Jacard vs. Anderson, 37 Mo. 91.
Carpenter vs. Reynolds, 42 Miss. 807.
McIlvaine vs. Brady, 1 (Desney) Ohio.
Gordon vs. Montgomery, 19 Indiana 110.
Carson vs. Russell, 26 Texas 452.
In fact, we have been able to find no authority saying that a waiver of protest does not of necessity waive demand.' Our jurisprudence has long since given a narrower construction to the waiver of protest than that given in most of the books, by concluding that such a waiver does not per se waive notice of protest.
Wall vs. Bry, 1 A. 312.
Bird vs. Le Blanc, 6 A. 470.
Wilkins vs. Gillis & Ferguson, 20 A. 538.
While we adhere to this now settled rule of commercial law we consider that the authorities by which it was established by strong implication say that the waiver of protest is a waiver of demand. In fact, in the leading and well-considered case of Wall vs. Bry the matter was so determined. This Court then said: “The term regularly protested *436 fair'y imports a protest made upon due demand. Does it go further, and dispense with notice ? The party waives protest, and is certainly to be held to be as fully bound as if the notes had been duly protested.” And after drawing the distinction between protest and notice, said that in consequence of the waiver of protest “the plaintiff when he offered this agreement in evidence stood in the same position as if he had offered a notarial protest, and nothing more.” These views dispose of the case.
Judgment affirmed.
Rehearing refused.