WADE & CHARLTON v. BUFORD & ZEIGLER.

(No. 690, Op. Book No. 2, p. 567.)

1 w 770
§ 1334
3 w 476

APPEAL from Rockwall County. Opinion by QUINAN, J.

§ 1334. *Statement of facts not filed in term time.* We find in the record what purports to be a statement of facts, signed by the county judge, and filed 19th February, 1879, which was twenty days after the end of the term of the county court at which the cause was tried and judgment rendered. The statute in force at the time required that the statement of facts should be made up during the term at which the trial was had, and filed in the records of the cause as part thereof. [Pas. Dig. art. 1490.] This statement not being so made up and filed during the term, forms properly no part of the record, and cannot be considered on appeal. [Frost v. Frost, 45 Tex. 324; Johnson v. Blount, 48 Tex. 40.]

§ 1335. *Absence of statement of facts; practice on appeal.* In the absence of a statement of facts, the general rule is that it will be presumed that the judgment is correct, and that the evidence adduced upon the trial was sufficient to warrant it. Duffield v. Bodine, 2 Tex. 292; Linn v. Montross, 5 Tex. 510; Johnson v. Blount, 48 Tex. 41.] Without the statement of facts the appellate court will not revise the action of the court below in the admission or rejection of testimony. [Cottrell v. Teagarden, 25 Tex. 317; Hutchins v. Wade, 20 Tex. 7; Fulgham v. Bendy, 23 Tex. 65.] The exception to the rule is where it can be clearly shown that an error has been

committed without reference to the statement of facts; as where, when a note which may be the foundation of the suit, or a deed which may be a link in the chain of one's title, or other testimony to which it is apparent there could be no equivalent, or which is manifestly material to the maintenance of the action or defense, has been rejected. [Galbreath v. Templeton, 20 Tex. 45.]

§ **1336.** *Incompetent testimony when case is tried by the judge.* It has often been decided that the admission of incompetent testimony where a case is tried before a judge, when there is other testimony sufficient to warrant his judgment, is not ground for reversal of it, for he will be presumed to have regarded it no more than it deserved to be regarded. [Beaty v. Whitaker, 23 Tex. 526; Gilliard v. Chessney, 13 Tex. 337; Millican v. Millican, 24 Tex. 453.] And the conclusions of the judge as to the relevancy and materiality of the testimony should be received with the same liberal construction as in the case of the reception of incompetent testimony.

§ **1337.** *Newly discovered evidence not available in the absence of a statement of facts.* The refusal of the court to grant a new trial on the ground of newly discovered testimony will not be revised in the absence of a statement of facts. [Angell v. Street, 21 Tex. 485; Madden v. Shapard, 3 Tex. 49.]

November 15, 1880.                    Affirmed.