## A. E. MORRIS v. L. M. MONTGOMERY ET AL.

(No. 3426.)

LIEN, MECHANIC'S — PLEADING.— Where there are no pleadings to support the judgment it will be reversed, although there is no statement of facts or bills of exception.

SAME.— Mere knowledge and acquiescence are not sufficient to bind the estate of a stranger for the debts of another for material furnished to build a house upon his (stranger's) land.

APPEAL from Washington county. Opinion by WALKER, J.

STATEMENT.— William J. and Thomas A. Montgomery brought suit on the 27th of June, 1876, against A. E. Morris on a note for $248, payable to the plaintiffs, made by the defendant, dated February 26, 1875, due on the 1st day of November, 1875, which note recited on its face that the consideration was a bill for lumber purchased of plaintiffs' agent to build a house occupied by him as a homestead.

Petition prayed for a judgment for the amount of the note and to foreclose their alleged builder's lien upon thirty-one and sixty-nine one-hundredths acres of land, including the house occupied as a homestead by the defendant.

The plaintiffs, by an amended petition, alleged that the legal title to the land was in L. W. Morris, and do not show what relation said Morris sustains to defendant, nor does the petition make L. W. Morris a party defendant, and allege that the note was given for a bill of lumber bought of the plaintiff and used in constructing improvements on the land, with full knowledge and consent of said L. W. Morris. The petition alleged that the defendant purchased the lumber and used it in the construction of the house occupied by the defendant as a homestead.

The petition alleged no other facts than these to create or to fix and secure a lien for material furnished under the statute which provides for such liens. The defendant filed a general demurrer and general denial. The cause being submitted to the court without a jury, the court rendered judgment for the plaintiffs for the amount of the note, and

decreed the foreclosure of the lien claimed by the plaintiffs, with an order of sale and execution, from which judgment the defendant appealed, and assigns as grounds of error:

1. That the court erred in rendering judgment of foreclosure of the lien claimed by the plaintiffs on the premises described in the petition, upon the evidence and case made out by the pleadings.

2. That the judgment of foreclosure is contrary to law and the evidence.

3. That the court erred in holding that the plaintiffs had a lien on the premises described in their petition, and in giving judgment of foreclosure therefor on the evidence in the case.

That which purports in the record to be a statement of facts is not signed by counsel for either of the parties nor the judge who presided. On the margin is indorsed, "Approved January 22, 1877," which is not signed by any one.

Opinion.— There being no statement of facts in the record, the presumption is that the evidence was sufficient to warrant the judgment (see 2 Tex., 292, 447; 5 Tex., 512; 1 Tex., 93, 192); and in the absence of a statement of facts, everything will be presumed to have been proved by the successful party which could have legally been proved under the issues to entitle him to recover. Peel v. Schofield. The plaintiff's petition, as amended, in terms excludes the idea of defendant's right to the property in question, for it alleged that it belonged to L. W. Morris, and no authority is alleged to have been given by the owner to the defendant to bind the house and land, or either of them, by a contract which should create a builder's lien upon them.

If L. W. Morris was the wife of defendant (which, however, is not alleged), the property being her separate property, her rights will not be affected by her husband's contract. See Warren v. Smith, 44 Tex., 247; McGee v. White, 23 Tex., 180. Neither would the alleged knowledge and

acquiescence of the wife bind her separate estate. Thomas
v. Williams, 50 Tex., 270; Parke v. Willard, 1 Tex., 350.
If there was no relationship as between L. W. Morris and
defendant, said Morris being a stranger and exclusive owner
of the property in question, and there being no other privity
between him and the parties contracting for the lumber
than his mere knowledge and acquiescence in the sale of
lumber, you cannot charge him with liability, nor subject
his estate to a lien for the payment of the debt of another.

Upon the record, as presented, there could have been no
evidence before the court to warrant the judgment.

REVERSED AND REMANDED.