EATON v. KLEIN et al.   (No. 5393.)

(Court of Civil Appeals of Texas. Austin. Jan. 13, 1915. On Motion for Rehearing, Feb. 24, 1915.)

1. VENUE ☞27—PRIVILEGE TO BE SUED IN COUNTY OF RESIDENCE—EVIDENCE—QUESTION FOR JURY.

Where an action by an assignee against the assignor, guaranteeing payment, and the debtor, was brought in the county of the residence of the assignor, and the debtor pleaded the privilege to be sued in the county of his residence, and the assignor and assignee both testified that the assignment and guaranty were bona fide, but it appeared that the assignor's interest in the claim sued on amounted to $270, while he sold it for $125, and guaranteed its payment in full, the question of making the assignment in bad faith to make the assignee the owner so that he could sue in the county of the residence of the assignor was for the jury.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 32; Dec. Dig. ☞27.]

2. APPEAL AND ERROR ☞273—ASSIGNMENTS OF ERROR—INSTRUCTIONS—EXCEPTIONS.

Where a party objected in general terms to a charge withdrawing from the jury an issue and requested a special charge submitting the issue, which was refused, and brought two bills of exception—one to the giving of the charge, and the other to the refusal of the requested charge—but without stating the reason of the objections to the giving and refusal of the charges, the court on appeal would consider the objections; it being apparent that the trial court understood the ground of objections relied on.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. ☞273.]

On Motion for Rehearing.

3. APPEAL AND ERROR ☞646 — RECORD — STATEMENT OF FACTS — MODIFICATION BY CONSENT OF PARTIES.

Parties to a suit cannot, by agreement without the approval of the presiding judge, make any material change in the statement of facts approved by the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2802; Dec. Dig. ☞646.]

4. APPEAL AND ERROR ☞653—RECORD—CORRECTION—JURISDICTION.

Appellate courts have no jurisdiction to make any correction in the record, and any application for correction must be made to the trial court and a proper transcript of the correction brought to the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2816–2818; Dec. Dig. ☞653.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by E. S. Klein against John H. Eaton and another. From a judgment for plaintiff, the defendant named appeals. Reversed and remanded.

· See, also, 141 S. W. 828.

S. E. Stratton, of Waco, for appellant. Scott & Ross, of Waco, for appellee.

KEY, C. J. E. S. Klein brought this suit against John H. Eaton and Geo. W. Witt, alleging, in substance, that he and the defendant Witt, as partners engaged in the real estate brokerage business, had earned from Eaton, the other defendant, a commission of $540 by negotiating the sale of a tract of land belonging to Eaton; that the defendant Witt had assigned to the plaintiff Klein his half interest in the commission referred to, and had guaranteed the payment thereof. It was further alleged that the debt referred to had never been paid; that the defendant Eaton resided in the county of Tarrant and defendant Witt in the county of McLennan, where the suit was brought. The defendant Witt filed an answer, admitting the truth of all the allegations in the plaintiff's petition, and joining in the plaintiff's prayer therein. The defendant Eaton, in due time and form, filed a plea in abatement, asserting his right to be sued in Tarrant county, the county of his residence, in which plea he averred that the alleged transfer·and assignment from the defendant Witt to the plaintiff Klein, and the guaranty of the payment thereof was not made in good faith for the purpose of making Klein the owner of the claim, but was a transfer in form and appearance only, and was made for the purpose of conferring jurisdiction upon the court of McLennan county, and thereby depriving the defendant Eaton of his right to be sued in the county of his residence, and praying that the suit be transferred to Tarrant county. His answer contained other pleas, the particulars of which need not here be stated. There was a jury trial, which resulted in a verdict and judgment for the plaintiff for the amount sued for, and the defendant Eaton has prosecuted an appeal.

Several questions are presented to this court for decision; and, without discussing

all of them, we announce our conclusions as follows:

[1] 1. We sustain the assignments which complain of the charge of the trial court in not permitting the jury to pass upon the merits of appellant's plea of privilege, and the refusal to give appellant's requested instruction No. 2, which would have submitted that issue to the jury. It may be conceded that both Klein and Witt testified that the assignment by the latter to the former and the guaranty of payment was a bona fide transaction, and no one testified to the contrary; but the fact that they were interested parties, that Witt's interest in the claim amounted to $270, that he claims to have sold it for a cash consideration of $125 and guaranteed its payment for the full amount of $270, and stated in the written assignment, which was made after this suit was brought, first, that it was made without recourse on him, and, second, that he guaranteed its payment, was sufficient evidence of bad faith to entitle appellant to have that issue passed upon by the jury. As to how that issue should be decided we express no opinion, and merely hold that the evidence relating thereto was such as entitled appellant to have it submitted to the jury.

[2] We note appellee's contention to the effect that the question referred to has not been preserved in such manner as to entitle appellant to have it considered by this court. In support of that contention, counsel for appellee Klein cite Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991, decided by the Court of Civil Appeals at Ft. Worth. In that case it was held that, although the appellant had preserved his exception to the action of the trial court in refusing to give a requested instruction, yet, inasmuch as he had not objected to the court's charge variant from the requested instruction, he must be held to have consented to the charge given and thereby waived his objection to the action of the trial court in refusing to give his requested instruction. That case differs from this case in one important particular. In this case appellant objected in general terms to the charge of the trial court withdrawing from the jury consideration of the merits of his plea of privilege, and requested, and the court refused to give, a special instruction which would have submitted that issue to the jury; and he has brought up two bills of exception, one to the action of the trial court in giving the charge which he objected to, and the other to its action in refusing to give the special charge requested by him. It is true that neither of the bills referred to states the reason why appellant objected to the court's charge in that respect, or to the refusal to give the requested instruction, but it is apparent that the only reason that could have been stated would have been that the testimony entitled appellant to have that issue submitted to the jury; and no doubt the

trial court so understood the matter. The only purpose of the rule requiring the litigant to state his reason for an objection is that the court and the opposite party may understand the particular question of law that is presented for decision, and therefore, whenever it is apparent that the objection presents but one question, the reason for the rule and the rule itself ceases to apply; and we therefore hold that the question of appellant's right to have his plea of privilege submitted to the jury is properly presented to this court for decision.

2. In reference to appellant's assignment of error which complains of the ruling of the trial court in not permitting the witness S. E. Stratton to testify to a conversation between himself and the plaintiff relating to the condition of the title to the land, it is sufficient to say that, as the objection sustained was that the testimony referred to was not offered at the proper time, it is not probable that that question will arise upon another trial.

3. Concerning the eighth assignment of error, which complains of the action of the trial court in excluding the answer of the witness R. W. Crowder to a certain interrogatory propounded to him, we deem it sufficient to say that if it is made to appear that the date referred to in the interrogatory was a clerical error, and that the conversation between the witness and Ridley, one of the proposed purchasers of the land, occurred while the alleged sale was being negotiated, the answer of the witness was admissible. The testimony referred to would have tended to show that Klein and Witt had not in fact procured purchasers ready and willing to purchase the land.

4. All the other questions presented in appellant's brief are decided against him.

For the error pointed out, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

A motion for rehearing and an agreed motion to correct the statement of facts have been filed in this case by appellees. We have reached the conclusion that both motions should be overruled, and this opinion is written merely for the purpose of explaining why the agreed motion to correct the statement of facts has not been granted.

[3] The written assignment from Witt to Klein, as copied in the statement of facts, reads: "Without recourse on me and guarantee the payment thereof." In the motion to correct the statement of facts, it is agreed that the assignment reads "with recourse," instead of "without recourse." The agreement to change the statement of facts is not approved by the trial judge. In Sheldon v. Boyce, 20 Tex. 828, and Johnson v. Blount, 48 Tex. 38, our Supreme Court held that a

statement of facts not approved by the presiding judge, though agreed to by the parties, could not be considered on appeal. In the latter case the parties attempted to waive the approval of the trial judge, but the Supreme Court held that it could not be done, and declined to consider the alleged statement of facts. Of course, if the parties to a suit cannot by written agreement waive the approval of the presiding judge to a statement of facts, they cannot, without his approval, make any material change in the statement of facts which he has approved; and therefore we feel compelled to overrule the agreed motion to change the statement of facts in this case.

[4] Furthermore, it is well settled that appellate courts must dispose of cases upon the record sent up from the trial court, and therefore this court has no jurisdiction to make the correction asked for in this case. We have no jurisdiction to alter the record of the court from which the appeal has come; and, if any correction at all is to be made, it must be done in that court and a proper transcript of the correction brought to this court. However, if the correction asked for were made, it would not change the result, because, in our opinion, there was other testimony submitted which would entitle the appellant to have his plea of privilege passed upon by the jury.

Both motions overruled.