Kenneth Ray JONES, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.** .

No. 11253.

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1965.

Rehearing Denied Jan. 20, 1965.

---◆---

Warren Burnett and Robert D. Pue, Odessa, for appellant.

Hardeman, Smith & Foy, San Angelo, for appellee.

PHILLIPS, Justice.

This is an action brought under the Texas Workmen's Compensation Act, Article 8306, Vernon's Ann.Civ.St. The appellant, the plaintiff below, brought suit alleging that in the course of his employment he sustained injuries to his right leg, which injuries extended to and affected other parts of his body and resulted in his total and permanent disability under the Compensation Act. For such total and permanent disability appellant sought compensation in a lump sum under the provisions of Section 15a of Article 8306.

The case was tried before a jury that found in answer to special issues that there was total but temporary loss of the use of the right leg for nine weeks and ten per cent partial and permanent loss of the use of the right leg. The jury found that the injury was confined to the right leg.

Judgment was entered upon the verdict and from that judgment appellant has appealed to this Court.

Appellant is before us on two points of error, the first being: "The trial court erred in refusing to submit Appellant's Requested Special Instruction attached to Special Issue No. One, which tendered in writing a substantially correct definition of ' "TOTAL LOSS OF USE" ' of a member and, in overruling appellant's objection to the submission of a definition of ' "TOTAL LOSS OF USE" ' of a member which failed to submit such member's loss of substantial use as a member of the body disjunctively from such member's condition such that a workman cannot procure and retain employment requiring the use of the member. Such error amounted to a denial of appellant's rights and was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this Cause and was reversible error."

Plaintiff's (appellant) objection to the definition of total loss of use was as follows:

"Plaintiff objects to the definition of 'total loss of use' as a definition herein, and specifically requests the Court to give the definition approved by the Supreme Court in the case of Seabolt vs. The Travelers Insurance Company, for the reason that it fairly and reasonably submits total loss of use of a member."

Appellant then tendered the court in writing the definition of "total loss of use" as defined in Travelers Insurance Company v. Seabolt, Tex., 361 S.W.2d 204.

Appellant contends that his request is governed by Rule 279, Texas Rules of Civil Procedure, wherein failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment.

■ Appellant had been working in the oil fields or doing construction work either of which jobs requires the unimpaired use of his arms and legs. Upon reviewing the record we have concluded that there was evidence before the jury from which they could have reasonably concluded that the total loss of use of the legs was permanent if the correct definition of total loss of use had been given them. The requested definition from Travelers Insurance Co. v. Seabolt is as follows:

"A total loss of the use of a member exists whenever by reason of injury, such member no longer possesses any substantial utility as a member of the body, or the condition of the injured member is such that the workman cannot procure and retain employment requiring the use of the member."

As to evidence of whether appellant could procure and retain employment requiring the use of the member, the element omitted from the charge submitted, we find testimony that it was dangerous for appellant to drive in traffic, that he had a limp, that his leg was "always swelling up around the knee cap; " that his leg sometimes "gave away under him" etc.

In Travelers, the Supreme Court pointed out that the above quoted definition was a somewhat broader concept and one which will in most instances be more favorable to the injured workman. That although a member may possess some utility as a part of the body, if its condition be such as to prevent the workman from procuring and retaining employment requiring the use of the injured member, it may be said that a total loss of the use of the member has taken place.

■ This brings us to the question of whether appellant complied with Rule 274, T.R.C.P., providing that: "A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections * * *"

Appellee contends that appellant is foreclosed from complaining of the charges used by the court by virtue of Rule 274 as he did not point out to the court distinctly the matter to which he objects and the grounds for his objection. Appellee argues that appellant merely requested a definition different from that which the court submitted citing Texas Employers Insurance Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000; Gulf Insurance Co. v. Vela, Tex.Civ.App., 361 S.W.2d 904, error ref., n. r. e.

We cannot agree with appellee and hold that the case must be reversed and remanded for trial.

In objecting to the definition in question, the appellant not only furnished the court with the requested definition but called the court's attention to the specific case wherein the requested definition was required by the Supreme Court under the proper fact situation. A court of law can require no more than a case in point when a question of law arises. In a commentary on Rule 274 in Vernon's Ann.Civ.Rules, former Chief Justice Alexander stated: "Courts of Civil Appeals should resort to the rule in order to justify an affirmance of the case only when the record discloses that the trial judge has been improperly imposed upon by the attorney who seeks the reversal." There was no imposition on the Court here. Travelers v. Seabolt spoke for itself, was in point and should have been considered.

Appellant provided the court with more in requesting another definition then citing a case in point than McDonald requires in his Texas Civil Practice, Vol. 3, Sec. 12.29, p. 1143 wherein he states that if a generally worded objection is accompanied by a separately submitted request stating correctly the definition which by comparison shows the basis of the claimed error so that the trial court must have understood the basis of complaint, it should be held sufficiently specific. McDonald cites an opinion of this court in Eaton v. Klein, Tex.Civ.App., 174 S.W. 331, wherein the court states that the

reason for the rule requiring the litigant to state his reason is that the court and the opposite party may understand the particular question of law that is presented for decision, and therefore, whenever it is apparent that the objection presents but one question, the reason for the rule and the rule itself cease to apply.

Appellant's second point of error is predicated on the alleged introduction of improper evidence by appellee. In view of the probability that this case will be retried and the improbability of such an occurrence being repeated, we do not pass on this point.

The judgment of the trial court is reversed and the case remanded for trial in accordance with this opinion.

Reversed and remanded.

### On Motion for Rehearing.

Appellee has pointed out that this Court's opinion in the above styled case does not contain the trial court's definition of total loss of use as was presented the jury. This definition was as follows:

> "By the term 'total loss of use' of a member is meant that the member during any given period of time does not possess any substantial utility as a part of the body for the purposes of work."

Appellee contends that this definition is substantially correct. We do not agree. While it may encompass the elements required by Travelers to a mind trained in these matters, it does not present these elements to a jury with sufficient clarity for them to understand the questions involved. This is especially true when the Supreme Court in Travelers precisely stated the correct definition which we are bound to require under the facts.

We overrule this point and all other points presented by Appellee in his motion for rehearing.

Motion is overruled.