## No. XXXI.

### WALKER AND WALKER V. McNEILS AND CALDER

*Appeal from Brazoria County.*

MORRIS, JUSTICE.—D. R. and E. B. Walker filed their petition, addressed to the equity side of the court, against L. H. and J. G. McNeil and R. M. Calder, alleging, that without consideration and by unlawful duress, they were coerced into the conveyance of certain lands and slaves to the defendants, as trustees for the use and benefit of Caroline E. Walker, wife of E. B. Walker, and her infant child E. B. Walker, and such other child or children as the said E. B. Walker and his wife Caroline B. Walker might have during their coverture, and praying that the said deed of conveyance should be delivered up to be canceled and forever declared null and void. The defendants admit the execution of the deed, but deny any knowledge on their part, at the time the deed was executed, that the plaintiffs were impelled thereto by fear of bodily injury, or by threats, violence, or duress of any kind. Upon the trial of the cause the judge directed two issues to be ascertained by the jury: 1. As to the duress. 2. Whether such blood relationship existed between the parties plaintiffs and Mrs. Walker and child as to support the trust.

The verdict returned by the jury upon these issues was, first, that there was no duress at the time of signing the deed; second, that the blood relationship between the Walkers and Mrs. Walker and child was sufficient to support the trust. Whereupon the petition of the plaintiffs was dismissed by the court and a judgment rendered against them for costs, from which judgment an appeal was taken to this court.

Before entering into the discussion of the material points involved

---

**Note 46.**—Wescott v. Menard & Co., p. 503.

[1] Withdrawal of answer is a waiver of defects and confession of cause of action. Winfried v. Yates, Dal., 363; Cartwright v. Roff, 1 T., 78; Burton v. Lawrence, 4 T., 373; Prewitt v. Perry, 6 T., 260; Grier v. Powell, 14 T., 320; Story v. Nichols, 22 T., 87; Gilder v. McIntyre, 29 T., 89; Goodlett v. Stamps, 29 T., 121; Janson v. Bank, 48 T., 599; Etter v. Dignowitty, 77 T., 212; Graves v. Cameron, 77 T., 273; Wheeler v. Roberts, 2 App. C., sec. 129. Withdrawal of answer after demurrer is overruled does not amount to a confession. Frazier v. Todd, 4 T., 461; Janson v. Bank, 48 T., 599. The judg-

in this cause, it will be necessary to dispose of a preliminary question with regard to a mass of evidence which is embraced in the record, but objected to by counsel as not coming up in such manner and form as to entitle it to the consideration of this court. The testimony appearing in the record and objected to as being improperly contained therein, has appended to it an affidavit made in open court by one Peter McGreal, who states that he was appointed by the court below to take down the testimony in the investigation of the cause; that he believes it to be correctly taken down, and that it was read to the witnesses, who assented thereto. This affidavit is attested by the clerk. By reference to our statute law (volume 4, page 92) we find that where an appeal is taken from the district to the Supreme Court, the facts must be agreed upon by the adverse parties or their attorneys, or certified by the judge, before the rising of the court. It does not appear on the record of this cause that the testimony before alluded to has either been agreed upon by the parties, nor has it the certificate of the judge. It would be a loose and dangerous practice, even in the absence of our statute on the subject, to permit evidence to come before us which might materially affect the rights of parties litigant, upon the mere affidavit of any individual as to his appointment by the court to take down the testimony, and the correctness of that testimony, when it nowhere appears on the record that he was so appointed; but under the law there can be no doubt that we must decide from a consideration of the entire mass of evidence thus introduced.

As the determination of this court will be based on the exceptions taken by counsel below to the charge of the judge to the jury and his refusal to give other charges asked by the counsel, and the rejection of testimony offered by plaintiffs below, it is proper that the material portions of the judge's charge should be set forth, in order to determine whether such error in law exists as will entitle the plaintiffs to a reversal of the judgment. The court below refused to permit a witness to be asked whether or not he knew the plaintiffs to have been beaten, the day previous to the execution of the deed, until they *agreed to sign the same;* and also excluded testimony as to threats made by one Westall against the plaintiffs, to which opinions of the court the plaintiffs excepted. The judge then charged the jury, after some preliminary observations, as follows:

"The jury will reject *all* testimony, circumstantial, inferential, or otherwise, which does not relate to the substance, the time, and *manner* of signing and executing the deed; therefore a voluntary transfer of property for the benefit of the relations of the parties can not be affected

ment must conform strictly with the cause of action alleged in the pleadings. Storey v. Nichols, 22 T., 87; Janson v. Bank, 48 T., 599; Etter v. Dignowitty, 77 T., 212; Wheeler v. Roberts, 2 App. C., sec. 129. Judgment nihil dicit partakes of nature of judgment by default and by confession, and is construed liberally in plaintiff's favor. Cartwright v. Roff, 1 T., 78; Burton v. Lawrence, 4 T., 373; Wheeler v. Pope, 5 T., 262; Storey v. Nichols, 22 T., 87; Gilder v. McIntyre, 29 T., 89; Graves v. Cameron, 77 T., 273; **Wheeler v. Roberts, 2 App. C., sec. 129.**

by idle rumors or threats, which may have resulted from the supposed misconduct of the parties executing the trust; and which were not held up before them at the *moment* of acting, or whilst the necessary preparations were making to carry out the objects of the conveyance, with a view to compel their acquiescence from the terror of personal violence. If the plaintiffs, having been guilty of any misconduct which was calculated to call down upon them public resentment or indignation, voluntarily sought the method of a conveyance in trust for the benefit of the injured party, intending thereby to appease popular clamor, that act can not be set up in a court of justice to annul their own deed. The violence must be of such a threatening and instantaneous character as to make fear the moving, operating consideration to the deed. If the threats were made by those not present to execute them, it was easy for the persons threatened to apply to the civil authorities for protection; and it could not therefore be such a duress as would avoid the deed. It will be for the jury to determine from the facts of the case, whether these *impending circumstances* existed, taken in connection with the law. Duress is of two kinds—duress of imprisonment, where the person is confined; and duress of threats, where the act of violence is *declared,* or hanging over the party. Duress by threats is rather the fear of loss of life or limb. This fear must be well grounded; not mere conjecture or suspicion of danger, such as a timid mind might conjure up in a moment of alarm. The fear of losing one's property is no duress, because the injury may be repaired by damages; but no adequate atonement can be made for the loss of life, or limb, or liberty, or ignominious punishment." The charge asked by the plaintiffs' counsel, and refused by the judge, was, that when a party is subjected to undue influence of extreme terror or threats, or apprehensions short of duress, and executes a deed under such circumstances, it is void; also, that a deed made under circumstances of extreme necessity and distress of the party, although not accompanied by any direct restraint or duress, is void. Upon exception to the refusal to give this charge, the charge as given, and the rejection of the testimony offered, we are to determine whether the judgment should be affirmed or reversed. By referring to the charge of the judge, both in part and in whole, we find that the jury were required to confine their examination and base their determination upon facts which would prove duress at the *very time and place* of executing the deed; expressly charged to exclude all testimony, *inferential, circumstantial, or otherwise,* which did not relate to *the time, the manner, and the substance* of signing and executing the deed. This is stated in the very outset of the opinion of the judge. Immediately

---

[2] If the writ or citation is defective and the defect is discovered before defendant answers, a new writ may be awarded. If defendant answers, he waives objections to process. Raquet v. Nixon, Dal., 386; Kavanaugh v. Brown, 1 T., 481; Cartwright v. Chabert, 3 T., 261; Wood v. Smith, 11 T., 367; Yturri v. McLeod, 26 T., 84; Herndon v. Crawford, 41 T., 267; Armstrong v. Bean, 59 T., 492; Rice v. Peteet, 66 T., 568; Cahill v. Railway Co., 76 T., 100.

afterwards he states, "that no idle rumors of threats, which were not held up before the parties at the *moment of acting,* or whilst the necessary preparations were making to carry out the objects of the conveyance, with a view to compel their acquiescence, should be regarded by the jury." In fact, throughout the whole charge the same expressions, variously modified, but all tending to the same end as stated above, are repeated and enforced by the court. By an examination of the law guarding the decisions of courts on questions of this kind, we find that relief is afforded by the courts in a much more extensive class of cases than that embraced under the common law definition of duress, as given by the judge in his charge to the jury.

In 1 Story on Equity, page 243, the very words embraced in the charge asked by the plaintiffs' counsel and rejected in the court below are found; and the authorities there referred to fully sustain the doctrine. Nowhere do we find that the threats of violence, which are the inducement to a particular act, must be made at the very *time and place* of the execution of that act. The fear must exist at the time of the execution of a deed, but the threats and circumstances inducing that execution need not be present, but may be proved at any antecedent time; and it is for the jury to say, when those threats and circumstances are proven, whether they are sufficient to induce such fear as might move a man of ordinary firmness to the execution of the deed. But when we take in connection with the charge of the judge, confining and restricting the investigation of the jury, both by limited terms of the law and to a still more limited application of the facts, the refusal on the part of the court to admit the testimony shown to have been offered in the trial below, which testimony was at once legitimate and must, if answered in the affirmative, have had a direct and powerful influence on the minds of the jury, there can remain but little doubt that manifest injustice would be done by sustaining the judgment rendered below. The charge alone might not have been sufficient to reverse; but coupled with the rejection of testimony which was directly to the issue, a due regard for the rights of parties and for the laws, which must govern our decisions, requires a reversal of the judgment. From the meager statement of facts found in the record we can not proceed here to give such a judgment as should have been rendered in the court below. The cause will therefore be remanded for a new trial, and all the costs of the case will await the final decision of the cause.

*Remanded.*

---

[3] Errors not objected to in trial court can not be raised on appeal. Edwards v. Peoples, Dal., 359; Mann v. Thruston, Dal., 370; Bailey v. Hardy, Dal., 376; Darly v. Chevallier, Dal., 555; Hansborough v. Towns, 1 T., 58; Crosby v. Houston, 1 T., 203; Burton v. Anderson, 1 T., 93; O'Conner v. Towns, 1 T., 107; Jones v. Black, 1 T., 527; Cloud v. Smith, 1 T., 611; Swenson v. Walker, 3 T., 93, 110; Hopkins v. Donaho, 4 T., 336; Coles v. Perry, 7 T., 109; Davenport v. Lackie, 8 T., 351; Pierson v. Burney, 15 T., 272; Shelby v. Burtis, 18 T., 644; Bullock v. Hayter, 24 T., 9; Robinson v. Mattison, 25 T. Supp., 451; Elliot v. Mitchell, 28 T., 105; Allen v. Traylor, 31 T., 124; Andrews v. Jones, 36 T., 149; Hughes v. Roper, 42 T., 116; Carter v. Eames, 44 T., 544; Johnson v. Blunt, 48 T., 38; Ragsdale v. Robinson, 48 T., 379; Life Ins. Co. v.