A. F. PARKER·V. S. F. ALLEN ET AL.

Decided June 18, 1903.

**1.—Pleading—Fraud in Execution of Contract.**

Where plaintiff's action was brought to set aside a written instrument on the ground that its execution was procured by fraud, and the petition contained only general allegations of fraud, and did not allege any misstatement of fact, or concealment of the truth or any deceitful act of any kind by the defendants, a general demurrer to the pleading was properly sustained.

**2.—Same—Duress.**

Where plaintiff sought to avoid, on the ground of duress, the execution of three instruments, either one of which constituted a bar to his claim for recovery, but his petition failed to allege facts sufficient to avoid all of them, his pleading was insufficient.

**3.—Same—Facts Not Showing Duress.**

Allegations to the effect that a year prior to the execution of an instrument which plaintiff sought to avoid on the ground of duress, and at a time when plaintiff was preparing to sue defendant for a settlement, defendant assaulted him, threatened to kill him if he troubled him any more about a settlement, and so put plaintiff in mortal fear of his life, are not sufficient to raise the issue of duress where it does not appear that at the time of the execution of the instrument the defendant was present, or that he requested its execution, or that any intimation was given plaintiff that defendant would resent a refusal to execute it, or that plaintiff was weak in mind, or was not possessed of the firmness of ordinary men.

**4.—Same—Want of Consideration Not Shown.**

Where plaintiff's petition alleged that certain instruments were executed without consideration, but showed also that in consideration of their execution plaintiff received $500 in cash, together with certain stock in a corporation and employment as superintendent of its business, a lack of consideration was not made to appear.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Otto Pape* and *Byers & Byers,* for appellant.

*Brown, Lane, Garwood & Parker,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit against S. E. Allen, I. W. Walker, John S. Radford and the Oriental Textile Mills to recover $7841.55 actual damages, same being the alleged value of plaintiff's interest in the business conducted by the Oriental Textile Mills and of which he alleges he has been deprived by the wrongful and fraudulent acts of the defendants, and to recover punitory damages in the sum of $25,000.

For cause of action the petition alleges, in substance, the following facts: On or about April 1, 1896, plaintiff and the defendant Walker entered into a copartnership for the purpose of manufacturing and selling textile goods and fabrics. After conducting said business for several months plaintiff agreed at the instance and request of said Walker to reorganize said business by admitting the defendant S. E. Allen as

a partner and changing the name and style of the firm to the Augusta Manufacturing Company. The business of the new partnership was carried on up to about August 4, 1900, during all of which time plaintiff superintended and managed the plant and performed all of the services required of him under his partnership agreement. During the time the business of said firm was conducted the defendant Walker was secretary and treasurer of said partnership, the Augusta Manufacturing Company, kept the books and accounts and received and disbursed all moneys of said firm. On or about the 4th of August, 1900, said Walker, acting for himself and as agent and representative of the defendant S. E. Allen, and without the consent of plaintiff, closed down the manufacturing plant, suspended the business of said firm, and notified plaintiff that his services as superintendent of said business would be no longer needed. The petition then proceeds as follows:

"Plaintiff avers and says that on or about the date last aforesaid, the defendant John S. Radford, having by a systematic course of conduct ingratiated himself into the friendship and confidence of plaintiff, and representing himself as the friend and legal adviser of plaintiff, and plaintiff reposing full faith and confidence in all representations made to him by said Radford, and being further induced thereto by duress on the part of said defendant S. E. Allen, as will hereinafter more particularly appear, was induced and persuaded by said Radford to sign certain contracts and agreements hereinafter referred to, one of date December 22, 1900, and one of date March 8, 1901, and a certain receipt of date October 15, 1901, as hereinafter more particularly described and referred to; plaintiff avers and says that while said Radford was holding himself out to plaintiff as his friend and legal adviser, that in truth and in fact said Radford was acting, without knowledge or consent of plaintiff, as the legal adviser and agent of said defendants I. W. Walker and S. E. Allen, and plaintiff was thereby overreached and defrauded of his rights, and compelled to sign same by reason of duress, as hereinafter alleged, and said fraud and said duress have been in all things ratified by said defendants Walker and Allen, and by said Oriental Textile Mills, and they and each of them, together with said Radford, have received the benefits thereof.

"Plaintiff avers and says that on or about said last named date he demanded of and from said defendants Walker and Allen a statement and settlement of their partnership accounts and business, but that said Walker and Allen positively refused to render plaintiff any account of said partnership business, and no statement has ever been made plaintiff of same, or settlement had thereof, excepting that fraudulently obtained as alleged herein.

"Plaintiff avers and says that during the continuation of said period, to wit, from April 1, 1896, to August 4, 1900, no correct statement of the affairs of said partnership was ever made by said Walker, who was in possession and charge of the books thereof, and no statement of its affairs was ever rendered this plaintiff by said defendants Walker or

Allen, and no money or profit of any kind or character was received by plaintiff as a partner out of said business during said period.

"That on or about said August 4, 1900, plaintiff avers that said Walker and Allen, conspiring and confederating together, and conspiring and confederating with said defendant John S. Radford, for the purpose of defrauding this plaintiff out of his right and interest in and to said partnership and said manufacturing plant, and plaintiff's trade, skill and secrets connected with said manufacturing business, drew up a contract for this plaintiff's signature, the effect of same being, had he complied with their request, to sign away and release to defendants, without consideration to plaintiff, all his right, title and interest in said plant, together with his knowledge of said trade and the secret processes thereof, a copy of which contract is attached hereto, marked exhibit 'A' and made a part hereof. The original of which said contract is in the possession of the defendants, and they and each of them are hereby called upon to produce same upon the trial hereof, or secondary evidence of the contents of said agreement will be introduced in evidence.

"That on or about the date last aforesaid, to wit, August 4, 1900, plaintiff engaged counsel to enforce a settlement of said partnership affairs, and thereafter, to wit, on or about November 6, 1900, plaintiff was, without warning, attacked by said defendant S. E. Allen, on or about the corner of Main and Congress streets, in the city of Houston, Harris county, Texas, the said Allen then and there assaulting him and threatening the life of plaintiff, the said Allen then and there stating to plaintiff in an emphatic and menacing manner that if plaintiff should insist upon a settlement of said partnership affairs, or give him, the said Allen, any further trouble in regard to said partnership, that he, the said Allen, would kill the plaintiff; that plaintiff was greatly intimidated thereby, and has ever since stood in fear of his life should he fail to comply with the requirements and demands of said Allen, or of his confederates, in said scheme to defraud this plaintiff, and still stands in great personal fear of his life at the hands of said defendant S. E. Allen.

"That during the existence of said partnership, to wit, from April 1, 1896, to August 4, 1900, plaintiff for his own use and guidance kept an accurate account of all materials received and sold, together with the expenditures in connection with the operation of said partnership business and said manufacturing plant, and charges and alleges to be a fact that the total receipts and expenditures in said partnership business during said period was as follows, to wit: Receipts, from all sources, $179,694.62; expenditures, for all purposes, $171,525.64. Leaving a balance on hand for partnership account, $8168.98.

"All of which will more fully appear by statement hereto attached, marked exhibit 'D,' and made part hereof.

"Plaintiff avers that on said August 4, 1900, the books of said partnership should show a general statement, as follows: Cash on hand,

$8168.98; value of machinery, $10,355.68; value of buildings, $5000, Total assets, $23,524.66. Liabilities, none.

"Plaintiff avers that by reason of the said contract of partnership as hereinbefore alleged, plaintiff was entitled upon an equitable accounting of the business of said partnership to an equal one-third interest in and to all the property and assets of said partnership, and to a division of same. That the said defendants Allen and Walker, though often requested, have failed and refused and still fail and refuse to render an accounting of the business of said partnership, or to make any settlement of same, to plaintiff's damage in the sum of $7841.55.

"Plaintiff avers and says that on or about December 22, 1900, said defendants Walker, Allen and Radford, confederating and conspiring together as hereinbefore alleged, and plaintiff being under duress and in fear of his life at the hands of said defendant S. E. Allen, compelled plaintiff to sign certain papers and documents, the nature of which are unknown to plaintiff, but which this plaintiff has since been informed and alleges to have been calculated to deprive this plaintiff of any right, title or interest he had in to said partnership and the property and assets thereto belonging, and to deprive this plaintiff of the right to pursue his avocation and trade as a textile worker and artisan, and deprive plaintiff of the possession and right to use the secret processes used in the manufacture of the goods formerly manufactured by said partnership.

"Plaintiff avers and says that on or about said 22d day of December, plaintiff was induced by said Radford to go with him to his office in Houston, Harris County, Texas; that he went with him to his said office, and was ushered into the presence of the other defendants herein, said Walker and said S. E. Allen; that said contract referred to herein as signed that day was handed to him for his signature; that no explanation was made of its contents, further than that said Radford acting or claiming to act as the agent and legal adviser of defendants Allen and Walker, told him that by the terms of said contract so handed him for signature, that he was to receive $3000 in the capital stock of the corporation about to be organized to carry on the business of the former partnership and two years' employment by said corporation, at a salary of $100 per month; that plaintiff then and there protested against signing the contract without knowledge of its contents, but was told by said Radford it was all for the best, and not to make Mr. Allen, who was then and there present, angry; that he, Radford, would see to it that plaintiff's interests were protected, whereupon plaintiff, being in great personal fear of said defendant S. E. Allen lest he should carry into execution his threats to take the life of plaintiff, signed said contract or document without being advised of its contents, and avers the truth to be that he was never informed as to the contents of said instrument until what purports to be a copy thereof was filed by said defendants in their original answer filed herein. Plaintiff avers and says that at the time he signed said agreement he was not upon notice and had no knowl-

edge of any conspiracy between said Radford and said defendants Allen and Walker to overreach and defraud plaintiff, and would not have signed such documents presented for his signature but for his trust in said Radford and his personal fear of said defendant Allen.

"That thereafter, to wit, on or about March 8, 1901, plaintiff still retaining implicit faith and confidence in said Radford, and still being in great fear of his life on account of the demonstrations and threats of said S. E. Allen, was induced by said Radford, by his faith and confidence in him, and by reason of his fear of said defendant S. E. Allen, to sign what purported to be a deed to all his right, title and interest in and to his interest in the assets and property theretofore belonging to said partnership, the Augusta Manufacturing Company, and also contemporaneously therewith, and as a part of said transaction, was compelled to sign a duplicate of the papers he was compelled to sign on December 22d, the only change being, as he was informed by said defendant Radford, that the same was an agreement with the new organization, the Oriental Textile Mills, in lieu of his former agreement with the Augusta Manufacturing Company; that said papers were presented to him by said Radford for his signature, without revealing to plaintiff the contents of same, and that in truth and in fact said Radford refused to allow plaintiff to read said papers or ascertain their contents; plaintiff avers that he would not have signed same but for the implicit confidence he had in said Radford, and but for his fear that said defendant S. E. Allen would carry into execution his threats against plaintiff's life theretofore made and herein alleged, and by reason of said confidence on the one hand and fear on the other, signed said contract or paper, the contents of which was never made known to plaintiff until what purports to be a copy thereof was filed by the defendants with their original answer herein.

"Plaintiff avers and says that no consideration whatever passed to this plaintiff for the execution of said contract of December 22, 1900, and March 8, 1901; that thereafter, on or about the 15th day of October, 1901, the said John S. Radford, purporting to act as the agent of the said Oriental Textile Mills, discharged plaintiff of his employment in and about said mills and manufacturing plant, and informed him that his services were no longer required; that said Radford presented him with a receipt to sign, relinquishing all interest in and to stock in said mills, the sum of $506.20; that plaintiff was informed by said Radford that said amount was all he would ever get, and that if he did not sign said receipt and take same, then and there, that plaintiff would never get anything; that Allen and Walker were opposed to plaintiff receiving any sum whatever, and that if he tried to get anything by suit, that it would result in plaintiff recovering nothing whatever; said Radford claiming to advise plaintiff as a lawyer and legal adviser of defendants Walker and Allen; that thereupon plaintiff received the sum of $506.20 and signed the receipt tendered him, and plaintiff hereby offers to tender back into court said sum of $506.20

so received from this defendant Radford, and hereby agrees that any judgment he may obtain herein against said defendants be credited with said sum of money so received, hereby proffering to do whatever, in the sound discretion of the court, may be equitable. Plaintiff says that up and until the signing of the said receipt he was at all time led by said Radford to believe that said Radford would protect his interest; that he accepted the advice of said Radford in full faith and confidence, relying on same; and avers that he would not have signed said receipt but for the faith and confidence in said Radford and his fear that said Allen would carry into execution his threats to take the life of plaintiff, as hereinbefore alleged.

"Wherefore plaintiff prays that upon a hearing hereof he have judgment; that said contracts of December 22, 1900, and March 8 1901, and said deed, dated on or about March 8, 1901, be canceled, set aside and held for naught, and that he have judgment against said defendants, and each of them, for his actual damage in the sum of $7841.55, with interest at the rate of 6 per cent per annum from August 4, 1900, and for his exemplary damages against the defendants Allen, Walker and Radford, and each of them, in the sum of $25,000 and for costs and such other and further relief, general and special, in law and equity as plaintiff may be entitled to.

"Praying in the alternative that, in event it is considered by the court that the plaintiff is not entitled to his judgment for actual and exemplary damages as against said defendants, but is entitled to an interest in and to said Oriental Textile Mills, that then and in that event a receiver be appointed by the court to take charge of the affairs of said corporation, to the end that plaintiff's property rights therein be preserved and protected."

The several instruments referred to in plaintiff's petition as attached to defendants' answer and which the petition seeks to avoid on the grounds of fraud and duress and want of consideration, are in substance as follows:

First. A contract executed by the plaintiff and the defendants Radford, Walker and Allen, on December 24, 1900, in which it is agreed to organize a corporation to be called the Oriental Textile Mills, the purpose of said corporation being to carry on the business formerly conducted by the partnership operating under the firm name of Augusta Manufacturing Company. Under the terms of this contract, plaintiff was to receive $100 per month for his services, and was also to receive $1000 of paid up stock in the corporation when organized; and further agreed to take $2000 additional stock, for which he was to execute his note to the corporation for $2000, payable in two years, with interest at the rate of 8 per cent per annum. In this contract it was clearly stated that Radford was to be the general manager of the corporation, and that the plaintiff, Parker, was to be under his direction, and the said Radford had the right in his discretion to discharge him whenever he saw fit.

The contract also clearly and specifically relinquished all claims and interest that Parker had in the property, etc., of the Augusta Manufacturing Company, and clearly and distinctly released said Allen and Walker from all claims growing out of or incident to the operation of that partnership.

Second. A contract entered into on March 9, 1901, by and between the parties before named and the Oriental Textile Mills. This contract was in ratification of that of December 24, 1900, and was in all essentials the same, except that instead of an additional $2000 of unpaid stock, with a note for that amount, it was agreed that in addition to the $1000 of paid up stock, an additional $1000 of stock should be issued to plaintiff Parker, for which he should execute his note for said sum, with 8 per cent interest, payable in two years. In it, as in the preceding, it was provided that Parker relinquish all claims to any and every interest that he had in the Augusta Manufacturing Company plant, and release all claims of every nature whatsoever against Allen and Walker growing out of that business.

Third. A deed executed by plaintiff and defendant Walker on March 9, 1901, by which they conveyed to the Oriental Textile Mills all their interest in the Augusta Manufacturing Company's plant.

The fourth instrument referred to in the petition is as follows:

"Houston, Texas, October 15, 1901.—Received of the Oriental Textile Mills $506.20 in cash, and their surrender of my $1000 note in full of all demands due me, both for labor performed and in payment for any and all interest in and to the stock to be due me by them in said mill. This is given as a full, clean and complete receipt. Witness my hand at Houston Heights, this the 15th day of October, 1901. (Signed) A. F. Parker. Witness: Sergeant W. Finley."

The court below sustained a general demurrer to the petition, and plaintiff declining to amend, his suit was dismissed. The existence of the several instruments by which plaintiff conveyed and released to the defendants all of his interest in the subject matter of this suit being admitted in his petition, it follows that unless the facts alleged in said petition are sufficient to avoid each and all of said instruments upon the ground of fraud, duress or want of consideration, the petition fails to state a cause of action, and the general demurrer was properly sustained.

A general allegation of fraud or duress is not sufficient to present such issue, but the facts relied on to show same must be pleaded. There is no allegation of fact in this petition from which fraud could be presumed. No misstatements of fact by any of the defendants is alleged by which plaintiff was misled or deceived, and no concealment of the truth or deceitful act of any kind is charged against any of the defendants. We think it clear that the petition is fatally defective in its attempt to avoid the instruments above mentioned on the ground of fraud. It may be conceded that under the principles announced in the case of Walker v. McNeils, Dallam, 541, the facts alleged in con-

nection with the execution of the contract of December 24th, taken in connection with the allegation as to the previous assault on plaintiff by the defendant Allen and his threat to kill plaintiff if he troubled him further about a settlement of the partnership business, were sufficient to raise the issue of duress in the execution of said contract, and yet the petition would be insufficient unless the facts alleged are also sufficient to avoid the other instruments mentioned in the petition. It certainly can not be held that the facts alleged as to the circumstances under which the contract and deed of March 9, 1901, and the receipt and release dated October 15, 1901, were executed raise the issue of duress. The defendant Allen, of whom plaintiff alleges he was in continual mortal fear, was not present when any of said instruments were executed, and it is not alleged that he requested their execution, or that any intimation was given plaintiff by any one that Allen would resent a refusal on the part of plaintiff to execute same. The mere fact that the year before these instruments were executed, and when plaintiff was preparing to sue him for a settlement of their partnership business, Allen had assaulted plaintiff and threatened to kill him if he troubled him any more about such settlement, would not be sufficient to authorize a jury to find that plaintiff acted under duress in the execution of said instruments. The threats relied on to show duress in any case must, taken in connection with the circumstances under which they were uttered, be sufficient to induce such fear in a man of ordinary firmness as would destroy the voluntary character of his act. It was not alleged that plaintiff was weak in mind, or that he was not possessed of the firmness of an ordinary man; and we think the facts alleged show his fear of Allen, if it in fact existed, was wholly unreasonable and unwarranted, and can not therefore be pleaded in avoidance of his solemn written contracts.

The petition alleges in general terms that said contracts and agreements were without consideration, but the facts stated in the petition show a valuable consideration for each of said contracts. Under the contract of December 24, 1900, plaintiff received stock in the corporation organized under the provisions of said contract and also employment as superintendent of the business of said corporation at the salary of $100 per month. The same consideration supported the contract and deed of March 9, 1901. The receipt of October 15, 1901, recites a consideration of $506.20 in cash and the surrender of a note for $1000 executed by plaintiff to the defendant company, all of which the petition shows he actually received. We think the demurrer to the petition was properly sustained, and the judgment of the trial court is affirmed.

*Affirmed.*

Writ of error refused.